Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1198 | **DATE** | 3/12/2002 |
| **CASE TITLE** | CRAWFORD vs. BARNHART | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For reasons stated in the attached Memorandum Opinion and Order the Court grants the Government's motion for remand (doc. #26). Plaintiff's motion for summary reversal and/or remand (doc. #23) is denied as moot. This case is remanded pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this Order.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 14 2002 | |
| ✓ | Notified counsel by telephone. | | date docketed | 29 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

DOCKETED
MAR 1 4 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA CRAWFORD,<br><br>Plaintiff,<br><br>vs.<br><br>JO ANNE BARNHART,<br>Commissioner of Social Security,<br><br>Defendant. | No. 01-C-1198<br>Magistrate Judge Schenkier |

## MEMORANDUM OPINION AND ORDER

The Commissioner of Social Security, Jo Anne Barnhart (the "Government"), has filed a motion to remand (doc. # 26) this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Govt. Mot. at 1). The plaintiff, Donna Crawford, has declined to stipulate to a remand, contending that she is entitled to an outright award of benefits (Pl.'s Mem. at 2; Pl.'s Supp. Mem. at 2). The Court gave both parties an opportunity to file supplemental briefs addressing whether a remand should be entered pursuant to sentence four or sentence six. The plaintiff has filed both a response and a supplemental brief. The Government has not filed a supplemental brief. After review of the Government's motion, the Court finds that a remand order is appropriate under sentence four of 42 U.S.C. § 405(g), which states in relevant part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the Secretary, with our without remanding the cause for a rehearing.

42 U.S.C. § 405(g) (2001).

The plaintiff argues that she is entitled to outright reversal – even though she alternatively requested remand in her original motion – because the findings of fact in the record are "final" (Pl.'s Mem. at 2) and "complete" (Pl.'s Supp. Mem. at 2) and support only one conclusion: namely, that "the findings of the ALJ warrant reversal under the regulations and based on the testimony of the vocational expert (VE)." *Id.* The plaintiff resists remand at this point in the proceedings because it characterizes defendants' request as "another bite of the apple" to "give the same ALJ an opportunity to write a better denial." *Id.* The plaintiff also characterizes the request as one that seeks "an opportunity to void the supportive ME [Medical Expert] opinion" in the record – an opinion that cannot be elicited again from that particular ME, because he is now deceased. Instead, plaintiff asserts that the Government simply wants to "get a new ME opinion allowing the same ALJ to re-write his decision based largely on the testimony" of the new ME (Pl.'s Mem. at 2). The Government, conversely, argues that the ALJ's opinion is "unclear" regarding several factual findings and thus should be remanded, rather than reversed, so that the Commissioner can clarify her position before the Court rules on the merits of plaintiff's claim.

If outright reversal were warranted here, that would be a sufficient basis upon which to deny the Government's motion for remand. But, the case law in this Circuit indicates that outright reversal of the Commissioner's final decision is warranted only if "the record can yield but one supportable conclusion," and there are no unresolved factual issues. *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993). Here, outright reversal is not warranted because factual issues remain unresolved. The primary issue identified by the Government in its motion is whether the ALJ's residual functional capacity assessment, which incorporated the specific limitation that plaintiff needs to "elevate her leg up to sixteen inches two-to-three times per day" (R. 12-18), is inconsistent

2

with a not disabled finding at Step 5 of the sequential analysis. The Court agrees that the ALJ's RFC assessment is inconsistent with other evidence in the record, such as the Vocational Expert's testimony – testimony that the ALJ did not address – that such a limitation would entirely preclude substantial gainful activity – even at the sedentary level. The Court also agrees that the plaintiff's condition of obesity should be addressed by the ALJ, as required by Social Security Ruling 00-3p.

The Court finds that the identified inconsistency in the record (and other omissions) presents questions for the ALJ that need clarification and perhaps modification on remand. Accordingly, the Court grants the Government's motion for remand (doc. # 26); as a result, plaintiff's motion for summary reversal and/or remand (doc. #23) is denied as moot. This case is therefore remanded pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with this Order.

**Dated:** March 12, 2002

**Enter:**

Sidney I. Schenkier
United States Magistrate Judge