# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | | **DATE** | 9/11/2002 |
| **CASE TITLE** | 01 C 1198 Donna Crawford vs. Jo Anne Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The Court partially grants and partially denies Plaintiff's motion for an award of attorneys' fees under EAJA. Plaintiff's total request of $10,646.87 (representing the original request plus the supplemental request) is reduced by $1,976.57 to $8,670.30. The Court directs an award of fees in the amount of $8,670.30, payable to Plaintiff's attorney, Frederick J. Daley.

(11) ■ [For further detail see

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 12 2002 | 35 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/11/2002 | |
| | | | date mailed notice | |
| DK | courtroom deputy's initials | Date/time received in central Clerk's Office | DK mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA CRAWFORD, )<br>)<br>Plaintiff, )<br>) No. 01 C 1198<br>vs. )<br>) Magistrate Judge Schenkier<br>JO ANNE BARNHART, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Donna Crawford filed a complaint requesting judicial review of a final decision of the Commissioner of Social Security (Commissioner" or "Government") denying her application for benefits pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g). This Court previously held that there were inconsistencies and omissions in the record that required clarification, and thus remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405 (g). *Crawford v. Barnhart*, No. 01 C 1198, 2002 WL 398545 (N.D. Ill. March 14, 2002). Before the Court is Ms. Crawford's application under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for attorneys' fees related to appealing the denial of her benefits. For the reasons set forth below, the Court grants Ms. Crawford's application in part.

### I.

Ms. Crawford applied for Supplemental Security Income ("SSI") benefits on August 6, 1997. The application was initially denied on November 25, 1997, and denied again upon reconsideration on May 8, 1998. In August 1998, Ms. Crawford appealed the denials by filing a timely request for hearing before an administrative law judge ("ALJ"). On May 30, 2000, the ALJ denied

Ms. Crawford's SSI application. The Appeals Council denied Ms. Crawford's request for review on January 25, 2001, making the ALJ's ruling the final decision of the Commissioner. 20 C.F.R. § 404.981; *Luna v. Shalala*, 22 F.3d 687, 689 (7th Cir. 1994).

Ms. Crawford then filed a complaint requesting judicial review on February 23, 2001. On October 27, 2001, Ms. Crawford filed her motion for summary judgment and supporting memorandum. The Government elected not to defend the ALJ's decision, and instead, on February 6, 2002 filed its motion for remand. This Court then issued an order inviting the parties to submit supplemental memoranda addressing the propriety of a remand under either sentence four or sentence six of 42 U.S.C. § 405(g). After receiving and considering the supplemental memoranda filed by each side, this Court granted the Government's motion and remanded the case pursuant to sentence four. Plaintiff's application for attorneys' fees timely followed.

## II.

The Equal Access to Justice Act provides that a party who prevails against the United States in a civil action is entitled to an award of attorneys' fees. 28 U.S.C. § 2412. In order for a plaintiff to be awarded attorneys' fees, the Court must find that: (1) the plaintiff has made a timely application for fees; (2) the plaintiff is a prevailing party; and (3) the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Moreover, Section 2412 provides that any attorneys' fees awarded must be reasonable. 42 U.S.C. § 2412(d)(2)(a). Plaintiff bears the burden of proving that the fees requested are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

In this case, the Government does not dispute the timing of plaintiff's application or plaintiff's status as a prevailing party. Nor does the Government claim that its position was

2

substantially justified. Thus, it is undisputed that the plaintiff is entitled to recover some fees under EAJA.

The question in dispute is how much the plaintiff is entitled to recover. Plaintiff seeks a total award of $10,646.87, which represents $8,706.25 originally sought for the challenge to the ALJ's decision and $1,940.62 for time devoted to litigating the fee issue. The Government disputes the reasonableness of the fees requested, contending that (1) the request includes fees for excessive and duplicative work and (2) Ms. Crawford claims fees incurred due to her own protraction of the litigation yielding no additional benefit. As a result, the Government seeks to reduce the original fee request by $2,156.25 (representing 15 hours at $143.75 per hour). We deal with these two arguments in turn, and then address the request for attorneys' fees devoted to litigating the fee request.

### A.

The Government's first contention with respect to the fees claimed by Ms. Crawford is that the request includes overlapping and duplicative services. While the Government does not direct the Court to any specific entries in plaintiff's time log, it does make some general statements about the entries contained therein. The Government notes that the application includes time spent by three lawyers discussing the case with each other: Ms. Golata (the attorney who originally took Ms. Crawford's case and filed the complaint in this Court); Mr. Daley (the attorney to whom Ms. Golata ultimately referred the case); and Mr. Canela (a colleague of Mr. Daley's who prepared the summary judgment brief filed for Ms. Crawford). The Government also complains that both Ms. Golata and Mr. Daley spent time discussing the matter with the client, and that Ms. Golata, Mr. Daley and Mr. Canela all billed time for reviewing the entire administrative record.

3

In arriving at a reasonable fee request, "[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Hensley*, 461 U.S. at 434. We do not agree with the Government's contention that Ms. Golata and Mr. Daley have sought fees for duplicative or unnecessary client meetings. Ms. Golata cannot be criticized for communicating with Ms. Crawford while Ms. Golata alone represented Mr. Crawford. And, the time records show that once Mr. Daley accepted the referral of this case on October 24, 2001, Ms. Golata had no further conversations with the client. We also do not find that there were excessive conferences among Ms. Golata, Mr. Daley and Mr. Canela. After Mr. Daley accepted the referral, there were no further conferences between Mr. Daley and Ms. Golata. Moreover, the time records reveal no meetings between Mr. Daley and Mr. Canela: the only communication for which fees are sought consists of Mr. Canela reviewing written comments by Mr. Daley on a draft of the summary judgment, and incorporating them into a new draft. The modest amount of time spent on that activity was not excessive or inappropriate.

However, the Court finds some merit in the Government's criticism about time spent reviewing the administrative record. We can appreciate why Ms. Golata would wish to review the entire record, since she was appointed to represent Ms. Crawford. We also can understand Mr. Daley's desire to review the record to decide whether to take the referral. That said, it nonetheless remains the case that here the plaintiff seeks full compensation for a complete review of the record by three separate attorneys, when only one of them (Mr. Canela) actually was responsible for preparing the summary judgment brief. It is no answer to assert, as does Ms. Crawford (Reply Mem. at 5), that the Government has had multiple attorneys work on this case. Unlike the Government, plaintiff here seeks to have the Government pay her attorneys' fees; thus, any inefficiencies by

4

plaintiff's attorneys in handling the case are relevant to what is a "reasonable" fee that the Government should be required to bear.

We do not believe that the Government should have to pay for three different attorneys to conduct a full review of the administrative record. Accordingly, the fee award will be reduced by $646.88. This amount represents the amount of time spent reviewing the administrative record by Ms. Golata (three hours) and Mr. Daley (one and one-half hours).

### B.

The Government also seeks to exclude from the fee award time that Ms. Crawford's counsel devoted to opposing the Commissioner's motion to remand. The Government argues that the Court should consider that the time spent opposing remand yielded no additional benefit to the plaintiff, because the remand ordered by this Court was no more favorable to the plaintiff than was the remand offer made by the Government. Plaintiff, on the other hand, argues that the remand that the Court issued was better than the remand offered by the Government in that the proceedings below are limited to the current record, a record that contains testimony favorable to plaintiff.

It is indeed the case that the degree of success obtained is relevant to determining the reasonableness of fees. "That the plaintiff is a 'prevailing party' therefore may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Hensley*, 461 U.S. at 436. Moreover, the Seventh Circuit has recently stated in a case involving the Employee Retirement Income Security Act ("ERISA") that, "[s]ubstantial settlement offers should be considered by the district court as a factor in determining an award of reasonable attorney's fees . . .". *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000). However, "[t]he district court must

5

only consider the substantial settlement offer; it need not reduce the lodestar calculation because of the offer." *Id.*

The Court disagrees with plaintiff's argument that it achieved a better result by opposing the Government's motion for remand. This Court remanded this case by granting the *Government's* motion for a remand under sentence four. We in no way limited the administrative proceedings to be conducted pursuant to that remand. In this situation, like the rejection of the settlement offer in *Moriarty*, plaintiff achieved no greater benefit by continuing the litigation. The Court finds it is proper in this case to reduce the fee award for the attorney time spent opposing the Government's motion for remand. At the same time, the Court is also cognizant that some of that time was incurred in responding to its order that plaintiff brief the issue of a remand. The Court has identified 3.40 hours of time in plaintiff's fee request related to opposing the Government's motion for remand; however, some of that time (.90 hours) is attributable to filing a memorandum at the Court's request on the question of whether a sentence four or sentence six remand would be in order. We will not penalize the plaintiff's counsel for submitting that brief requested by the Court. Thus, the award will be reduced by $359.38 (representing 2.50 hours at $143.75 per hour).

## C.

Finally, we come to plaintiff's fee request for time spent litigating the EAJA fee award. Such time is indeed compensable under *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 166 (1990). However, the Court finds that the fees requested by plaintiff for this part of the litigation should be reduced.

To begin with, the senior attorney, Frederick J. Daley, logged only 14.15 hours in the eight months he worked on the main portion of this case. However, plaintiff's supplemental time log

6

detailing Mr. Daley's time spent litigating the EAJA fee award includes 13.50 hours of entries in little over one month. The Court finds plaintiff's eight-page reply brief defending its fees to be excessive, especially in light of the Government's four-page response. The Court also notes the limited success plaintiff has achieved in defending its fee award. Therefore, plaintiff's request for supplemental fees in litigating the EAJA award will be reduced by half to $970.31 (representing 6.75 hours at $143.75 per hour).

## CONCLUSION

Accordingly, the Court partially grants and partially denies plaintiff's motion for an award of attorneys' fees under EAJA. Plaintiff's total request of $10,646.87 (representing the original request plus the supplemental request) is reduced by $1,976.57 to $8,670.30. The Court directs an award of fees in the amount of $8,670.30, payable to plaintiff's attorney, Frederick J. Daley.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

**Dated: September 11, 2002**